## WILLIAM MURRAY *vs.* WILLIAM B. RICHARDS.

In an action for damages sustained from tide-water, which escaped into the plaintiff's cellar from premises which were under a lease for years, with a stipulation that the lessee should make repairs, the lessor is not rendered responsible for the negligence of his lessee in leav-ing open for repairs a drain which communicated with a sewer, through which the tide-water came, by telling him, when informed of the need of repairs, to do what was neces-sary and he would pay a specified sum therefor.

TORT for damages sustained from tide-water, which escaped from the cellar of the defendant into the cellar of the plaintiff.

At the trial in the superior court, it appeared that in 1835 the owners of certain lots on North Street, in Boston, including the lots on which the stores of the plaintiff and of the defendant now stand, being about to build on their several estates, and finding it desirable that a boxing should surround all their lots to keep

out the tide-water, orally agreed that they would all build such boxing at one time, each one paying for that upon his own line. The plaintiff then called Levi W. Rockwell as a witness, who produced a lease for years from the defendant to him, by the terms of which he was bound to make repairs, and testified that he was in possession of the premises adjoining the plaintiff's, under it ; that a drain passed from the cellar through the boxing in front of the store to the common sewer in North Street, and to the drain a hollow plug was attached ; that, shortly before the injury complained of, he informed the defendant that the plug was probably out of repair, and the defendant gave him no definite directions, but told him to do what was necessary, and he would pay twenty-five dollars therefor ; that he and a man in his employ took out the plug to have it repaired, and did not replace it that day, and the next morning he found that about three feet of water had been in his cellar, and about two feet in the plaintiff's ; that he did not expend in all the sum of twenty-five dollars for the repairs, exclusive of the labor of himself and his men, but that the defendant allowed him that sum at the time of receiving the next quarter's rent. This was all the evidence introduced by the plaintiff, and upon it *Lord,* J., ruled that the action could not be maintained, and a verdict was returned for the defendant, and the case was reported for the determination of this court.

*J. G. Abbott,* for the plaintiff.

*E. D. Sohier & L. Shaw, Jr.,* for the defendant.

Chapman, J. The acts complained of were not done by the defendant, but by Rockwell, who was in possession of the defendant's premises under a lease for years, by the terms of which he was bound to make repairs. The defendant would not be liable for any negligence of which his tenant might be guilty in making repairs, merely because he sustained towards him the relation of landlord. But it is contended that the facts stated in the report are sufficient to show that the defendant made Rockwell his agent or servant in making the repairs, and thus became liable for his negligence. The facts relied on are that, when Rockwell told him of the need of the repairs, he gave

no definite direction as to them, but told him to do what was necessary, and he would pay twenty-five dollars therefor. Such a conversation would not establish the relation of master and servant or principal and agent between him and Rockwell. It left Rockwell to do the acts in the discharge of his own duty, and according to the dictates of his own judgment in respect to the time and manner of making repairs. It gave the defendan no right to direct or control him. And as he was not the defendant's agent or servant, the defendant is not liable for his negligence. Judgment must be entered for the defendant on the verdict.